UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LABRECK,

    Plaintiff,

                                        CASE NO. 15-cv-13303
v.                                      HONORABLE JOHN CORBETT O'MEARA

CARMELLA SABAUGH
and JENNIFER PHILLIPS,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF THE COMPLAINT (ECF NO. 3) AND SUMMARILY DISMISSING THE COMPLAINT (ECF NO. 1)

#### I. Introduction

This matter has come before the Court on plaintiff Peter Labreck's *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) and Plaintiff's motion to have the United States Marshal serve the summons and complaint on the defendants (ECF No. 3). Plaintiff is confined at the Macomb County Jail. The defendants are Carmella Sabaugh, clerk of the Macomb County Circuit Court in Mt. Clemens, Michigan, and Jennifer Phillips, Court Administrator for the Macomb County Circuit Court.

Plaintiff alleges in his complaint that he made three attempts to file an action to change his name in Macomb County Circuit Court and that the defendants refused to file his motions or to waive the filing fee. Plaintiff asserts that the defendants' conduct prevented him from changing his name and deprived him of access to the court. He expects to move out of Macomb County shortly, and he claims that he will have to wait a year before he can request a name change in another county.

Plaintiff sues the defendants in their official capacities for punitive damages. He also seeks to have the Court enter an order changing his name.

## II.  Analysis

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

hat allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *accord Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (concluding that the judicial defendants, including judges, a law clerk and a court clerk were acting in their judicial and quasi-judicial duties when they delayed processing a habeas petition and, therefore, they were immune from suit); *Wrappler v. Carniak*, 24 F. App'x 294, 295 (6th Cir. 2001) (finding that judicial employees, including a court clerk and a court administrator, were immune from a suit for money damages for actions taken while performing quasi-judicial duties); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (stating that "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune").

Quasi-judicial immunity extends to a court clerk's rejection of a pleading for failure to comply with court rules or procedures. *See Wojnicz v. Davis*, 80 F. App'x 382, 383-84 (6th Cir. 2003) (concluding that the Chief Justice and Clerk of the Michigan Supreme Court were entitled to immunity from damages for the performance of judicial and quasi-judicial duties, including the rejection of a habeas petition that did not satisfy court rules); *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (stating that judges and other court officials enjoy absolute immunity from suit on claims arising from the performance of judicial or quasi-judicial functions and that the court clerk's refusal to file

a petition for writ of certiorari, which failed to comply with court rules, was a quasi-judicial function entitling him to immunity).

The defendants' conduct of failing to file Plaintiff's motions and waive the filing fee were quasi-judicial functions. Consequently, they are entitled to absolute immunity from suit.

### III.  Conclusion

Plaintiff's claims fail to state a plausible claim for which relief may be granted and seek monetary relief from defendants who are immune from such relief. And because "[n]o authority vests with the federal courts to grant a name change," *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007), the Court has no jurisdiction to grant Plaintiff's request for injunctive relief, that is, to change his name. Accordingly, the complaint (ECF No. 1) is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's motion for service of the complaint and summonses on the defendants (ECF No. 3) is denied as moot, given the dismissal of the complaint.

SO ORDERED.

Date: October 14, 2015                                         s/John Corbett O'Meara
                                                                United States District Judge

I hereby certify that on October 14, 2015 a copy of this order was served upon Plaintiff using first-class U.S. mail.

                                                                s/John Corbett O'Meara
                                                                United States District Judge