UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LABRECK,

    Plaintiff,

v.

CASE NO. 15-cv-13303
HONORABLE JOHN CORBETT O'MEARA

CARMELLA SABAUGH
and JENNIFER PHILLIPS,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### (ECF NO. 10)

On September 15, 2015, plaintiff Peter Labreck commenced this action by filing a *pro se* complaint under 42 U.S.C. § 1983. The defendants are Carmella Sabaugh, Clerk of the Macomb County Circuit Court in Mt. Clemens, Michigan, and Jennifer Phillips, Court Administrator for the Macomb County Circuit Court. Plaintiff alleged in his complaint that he made three attempts to change his name in Macomb County Circuit Court and that the defendants refused to file his motions or to waive the filing fee. Plaintiff asserted that the defendants' conduct prevented him from changing his name and deprived him of access to the court. On October 14, 2015, the Court summarily dismissed the complaint on the basis that the defendants' failure to file Plaintiff's motions and waive the filing fee were quasi-judicial functions, which entitled them to absolute immunity from suit.

Now before the Court is Plaintiff's motion for summary judgment. Plaintiff alleges that he intends to change his name to a known alias and that he is not doing this with

fraudulent intent. He states that he has a legal right under Michigan law to change his name, that he is willing to waive his request for money damages, and that he is entitled to summary judgment because there are no material facts in dispute. He seeks an order changing his name and directing the Connecticut Department of Vital Statistics to create a new birth certificate that does not disclose his birth name.

Under Federal Rule of Civil Procedure 56(a), federal courts must grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." This case, however, is closed, and Rule 56 "provides no basis for granting summary judgment in a closed case." *Reed v. Third Judicial Cir. Ct.*, No. 2:08-cv-14836, 2012 WL 488706, at *1 (E.D. Mich. Feb. 15, 2012) (unpublished). Furthermore, as the Court pointed out in its order of dismissal, federal courts have no authority to grant a name change. *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007). The Court therefore denies Plaintiff's motion for summary judgment (ECF No. 10).

Date: December 7, 2016　　　　　　　　　　　　s/John Corbett O'Meara
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge


I hereby certify that on December 7, 2016 a copy of this order was served upon Plaintiff using first-class U.S. mail.

　　　　　　　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　　　　　　　Case Manager